PHILLIPS & ANGLEY
ATTORNEYS AND COUNSELLORS AT LAW
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
ONE BOWDOIN SQUARE
BOSTON, MASSACHUSETTS 02114
(617) 367-8787

JEFFREY J. PHILLIPS, P.C.
JEFFREY T. ANGLEY, P.C.
JONATHAN M. FEIGENBAUM*
CHRISTOPHER S. TOLLEY
DANIEL TREGER
BRANDY J. WITYAK

*ALSO ADMITTED IN DC AND CA

TELECOPIER (617) 227-8992

March 16, 2004

Cynthia P. Eunice
LTD Case Manager
Metropolitan Life Insurance Company
P.O. Box 14590
Lexington, KY 40511-4590

FAX: 866-690-1264
**CERTIFIED MAIL**
**No. 7002 2030 0002 2444 8048**

Scott M. Northcutt
Executive Vice President Human Resources
DHL Americas
1200 South Pine Island Road, Suite 600
Plantation, FL 33324

**FEDERAL EXPRESS**

Claimant              : Deborah M. Bourque
Plan Administrator    : DHL Americas f/k/a Airborne Express (Airborne)
Claims Administrator  : MetLifeDisability
Policy Holder         : DHL Americas f/k/a Airborne Express
Report No.            : 0074632
Claim Number          : 740001310307

Dear Ms. Eunice and Mr. Northcutt:

    Please be advise that I am counsel to Deborah M. Bourque. Ms. Bourque had been employed by Airborne which is now merged into DHL Americas.

    Ms. Bourque intends to submit a comprehensive appeal in connection with MetLife's adverse benefit decision set forth in your letter of October 8, 2003. The one hundred and eighty (180) day period for submitting appeals does not begin to run until such time that MetLife discloses all information that is required under ERISA and the accompanying Department of Labor Regulations. Ms. Bourque would like to submit her appeal as soon as possible, however, MetLife must first disclose all of the information that is required by law.

1

In the interim, I am requesting that MetLife begin paying benefits to Ms. Bourque immediately. As you are aware, she is suffering from a life threatening illness, and is unable to work in her occupation at this time. Ms. Bourque's medical condition has not improved during the time period that MetLife was paying benefits to her. Although I have not had an opportunity to review the actual plan documents governing Ms. Bourque's entitlement as a beneficiary under the plan, I am relatively certain that the documents do not require that she provide "objective clinical information" that support restrictions and limitations as set forth on page 3 of your October 8, 2003 letter. Many a court has rejected a demand that a claimant furnish objective medical evidence, or the like in order to obtain benefits. Cook v. Liberty Life Assurance Co. Of Boston, 320 F.3d 11, 21 (1st Cir. 2003)

MetLife is required to state with specificity the reasons for denial, and MetLife is required to state with specificity the nature of the materials that Ms. Bourque should submit in order to appeal the adverse benefit decision. ERISA requires that plans must "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. § 1133. "First, notice can provide the member with information necessary for him or her to know what he or she must do to obtain the benefit. Second, if the HMO persists in its denial, notice can enable the member effectively to protest that decision." Juliano v. Health Maintenance Organization of New Jersey, Inc., 221 F.3d 279, 287 (2d Cir.2000).

In MetLife's adverse benefit decision letter dated October 8, 2003 reference is made to a review of some of Ms. Bourque's records by a Physician File review (something I interpret to mean a nurse or medical doctor consultant or employee), however, nothing is disclosed regarding that person's qualifications, explicit findings, methodology, or even a list of materials reviewed. ERISA's implementing regulations require that disability denials that rely on "an internal rule, guideline, protocol, or other similar criterion" must set forth the specific criterion relied upon, or state that a copy will be "provided free of charge to the claimant upon request." 29 C.F.R. § 2560.503-1(g)(v)(A). That statement is missing from the October 8, 2003 letter, and the lack of such a statement is a per se violation of the Department of Labor regulations. Cook v. New York Times Disability Plan, 2004 WL 203111 (S.D.N.Y. January 30, 2004)). Please provide the information as required under the regulations.

Please consider this letter a formal request under 29 U.S.C. § 1132(c) to obtain copies of:

1. The Summary Plan Description *and* the plan documents under which Ms. Bourque is a beneficiary and participant of which Aiborne, is the administrator and beneficiary under an insurance contract with MetLife.

2. Proof that the most recent Summary Plan Description for the Aiborne Short Term and Long Term Disability Plans had been tendered to Ms. Bourque prior to the time that he sought benefits.

2

3.  Ms. Bourque seeks copies of all pertinent documents on which MetLife made its adverse benefit decision. MetLife should be aware, that under United States Department of Labor regulations, 29 CFR 2560.503-1(g)  "pertinent documents" are:

"In the case of an adverse benefit determination, the notification shall set forth, in a manner calculated to be understood by the claimant--
(1) The specific reason or reasons for the adverse determination;
(2) Reference to the specific plan provisions on which the benefit determination is based;
(3) A statement that the claimant is entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of ther section;
(4) A statement describing any voluntary appeal procedures offered by the plan and the claimant's right to obtain the information about such procedures described in paragraph (c)(3)(iv) of ther section, and a statement of the claimant's right to bring an action under section 502(a) of the Act; and
(5) In the case of a group health plan or a plan providing disability benefits--
(i) If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of the rule, guideline, protocol, or other similar criterion will be provided free of charge to the claimant upon request;
(ii) If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances,
or a statement that such explanation will be provided free of charge upon request; and
iii) The following statement: "You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local U.S. Department of Labor Office and your State insurance regulatory agency.
(iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review."
29 CFR § 2560.503-1(g).

In addition, documents are considered relevant under these regulations, if:
"(m) Definitions. The following terms shall have the meaning ascribed to such terms in there paragraph (m) whenever such term is used in ther section:

3

(8) A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information
(i) Was relied upon in making the benefit determination; (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of ther section in making the benefit determination; or ..
(iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination." 29 CFR § 2560.503-1

4. A copy of the MetLife Claims Manual, and each document of the like that assists MetLife in evaluating claims such as Ms. Bourque.

5. A complete copy of Ms. Bourque's file in MetLife's possession. Ther must include all documents and internal MetLife notes, correspondence, e-mail and other data maintained in each data base or on hard copy. The materials that were tendered to me in your letter of February 11, 2004 appear to be incomplete.

6. All notices that MetLife is required to provide under ERISA and the regulations as well as the specific requirements of the applicable Aiborne Short Term and Long Term Disability Plan.

7. Would you also provide a description of all additional material or information necessary for Ms. Bourque to perfect the claim and an explanation of why such material or information is necessary.

Under section 502 of the Employee Retirement Income Security Act of 1974 as amended, the failure to provide a Summary Plan Description, and all other documents required to be disclosed, within thirty days of a written request subjects the violator to a discretionary $110.00 a day penalty for non-compliance, plus, in some instances attorneys' fees and related costs.

Please feel free to contact me should you have any questions.

Thank you for your courtesy and cooperation with ther matter.

Very truly yours,

Jonathan M. Feigenbaum

JMF/hs
cc: Deborah M. Bourque
L:\LITG\DBOR001\metlife.l3.wpd

4

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. DBoR 001

1. Article Addressed to:

   Cynthia P. Eunice
   LTD Case Manager
   Metropolitan Life Ins. Co.
   P.O. Box 14590
   Lexington, KY 40511-4590

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _____  ☐ Agent / ☐ Addressee
B. Received by ( Printed Name )    C. Date of Delivery
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article
   (Tran:
PS Form

ACPRI-03-P-4081