UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.  04-12037-WGY

_____
                                        )
DEBORAH M. BOURQUE                      )
    Plaintiff,                          )
                                        )
v.                                      )
                                        )
METROPOLITAN LIFE INSURANCE             )
COMPANY, *et al.*,                      )
    Defendants.                         )
_____)

## ANSWER OF METROPOLITAN LIFE INSURANCE COMPANY

The defendant Metropolitan Life Insurance Company ("MetLife") hereby answers the numbered paragraphs of the plaintiff's First Amended Complaint ("complaint") as follows:

1. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2. MetLife denies that it is located at One Madison Avenue, New York, New York and otherwise admits the allegations contained in paragraph 2 of the complaint.

3. MetLife admits the allegations contained in paragraph 3 of the complaint.

4. MetLife is without knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5. Paragraph 5 of the complaint states conclusions of law as to which no response is required.

6. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7. MetLife admits only that Ms. Bourque was a participant in the Airborne Express Long Term Disability Plan (the "Plan").  The remainder of paragraph 7 of the complaint states conclusions of law as to which no response is required.

8. Paragraph 8 of the complaint states conclusions of law as to which no response is required.

9. MetLife admits only that long term disability benefits provided under the Plan are funded by an insurance contract with MetLife. MetLife denies the remaining allegations of paragraph 9 of the complaint.

10. MetLife admits only that Ms. Bourque was a participant in the Plan. MetLife denies the remaining allegations of paragraph 10 of the complaint.

11. Paragraph 11 of the complaint states conclusions of law as to which no response is required.

12. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13. MetLife admits only that records submitted to it state that in or about August of 1999 Ms. Bourque was hospitalized with angioimmunoblastic lymphadenopathy. MetLife is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the complaint.

14. MetLife admits only that records submitted to it state that in or about August of 2001, Ms. Bourque underwent an allogenic bone marrow transplant. MetLife is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the complaint.

15. MetLife admits only that records submitted to it state that Ms. Bourque developed graft vs. host disease. MetLife is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the complaint.

16. MetLife denies the allegations contained in paragraph 16 of the complaint.

17. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18. MetLife denies the allegations contained in paragraph 18 of the complaint.

19. MetLife admits only that Ms. Bourque received benefits from the Plan which became payable as of February 5, 2000 and that Ms. Bourque's benefits from the Plan terminated on October 8, 2003. MetLife denies the remaining allegations contained in paragraph 19 of the complaint.

20. MetLife admits only that the gross benefit to Ms. Bourque from the Plan was $1,837.68 as of February 5, 2000. MetLife denies the remaining allegations contained in paragraph 20 of the complaint.

21. In response to paragraph 21, MetLife admits only that on or about February 14, 2000, Ms. Bourque executed an agreement to apply for Social Security benefits.

22. In response to paragraph 22, MetLife admits only that the Social Security Administration provided a notice to Ms. Bourque that stated that it found that she became disabled "under our rules on August 9, 1999," and that she would receive a payment of $1,158 a month. MetLife denies the remaining allegations contained in paragraph 22 of the complaint.

23. In response to paragraph 23, MetLife admits only that the Plan provides that monthly long term disability benefits may be reduced by Social Security benefits, and that on or about June 8, 2000, Ms. Bourque's monthly long term disability benefit from the Plan became $679.68. MetLife denies the remaining allegations contained in paragraph 23 of the complaint.

24. MetLife denies the allegations contained in paragraph 24 of the complaint.

25. MetLife denies the allegations contained in paragraph 25 of the complaint.

26. MetLife denies the allegations contained in paragraph 26 of the complaint.

27. In response to paragraph 27, MetLife states that in its letter of October 8, 2003, it referred to a Physician File Review completed to August 5, 2003. In that letter, MetLife stated "Our Physician also noted that there is no substantiation that exposure to persons in the work place" poses a higher risk of transmission of infection than does exposure in other locations. MetLife admits that it did not further discuss the qualifications of Dr.

       Greenhood directly with Ms. Bourque. MetLife denies the remaining allegations of paragraph 27 of the complaint.

28. MetLife admits only that by letter of May 3, 2004, it allowed plaintiff's attorney an additional 45 days to provide additional information to support claims. MetLife denies the remaining allegations of paragraph 28 of the complaint.

29. MetLife denies the allegations contained in paragraph 29 of the complaint.

30. MetLife denies the allegations contained in paragraph 30 of the complaint.

31. MetLife denies the allegations contained in paragraph 31 of the complaint.

32. MetLife denies the allegations contained in paragraph 32 of the complaint.

33. MetLife denies the allegations contained in paragraph 33 of the complaint.

## Count I

34. MetLife repeats and incorporates by reference its responses to paragraphs 1 through 33 of the complaint.

35. MetLife denies the allegations contained in paragraph 35 of the complaint.

36. MetLife denies the allegations contained in paragraph 36 of the complaint.

37. MetLife denies the allegations contained in paragraph 37 of the complaint.

38. MetLife denies the allegations contained in paragraph 38 of the complaint.

39. MetLife denies the allegations contained in paragraph 39 of the complaint.

## Count II

40. MetLife repeats and incorporates by reference its responses to paragraphs 1 through 39 of the complaint.

41. Paragraph 41 of the complaint states conclusions of law as to which no response is required.

42. MetLife denies the allegations contained in paragraph 42 of the complaint.

## Count III

43. MetLife repeats and incorporates by reference its responses to paragraphs 1 through 42 of the complaint.

44. MetLife states that to the extent the allegations mischaracterize or fail to include all facts associated with the correspondence to MetLife, the correspondence speaks for itself and therefore, MetLife denies the allegations contained in paragraph 44 with respect to such correspondence.  MetLife is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44 of the complaint.

45. MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint.

46. MetLife denies the allegations contained in paragraph 46 of the complaint.

47. Paragraph 47 of the complaint states conclusions of law as to which no response is required.

48. MetLife denies the allegations contained in paragraph 48 of the complaint.

49. The remaining paragraphs of the complaint entitled "WHEREFORE" set forth requests for relief as to which no response is required.

50. MetLife denies that plaintiff is entitled to a jury trial on any counts pled in her complaint.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

Plaintiff's complaint seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq., which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA.  Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

<u>Second Affirmative Defense</u>

Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted under ERISA. More particularly, Plaintiff's Count II states a claim for breach of contract which is preempted by ERISA.

<u>Third Affirmative Defense</u>

To the extent (and without admitting that) Ms. Bourque is entitled to recover any benefits under the Plan at issue, such recovery is subject to setoffs under the terms of the Plan.

<u>Fourth Affirmative Defense</u>

To the extent (and without admitting that) Ms. Bourque is entitled to benefits at this time, such immediate entitlement does not mean that Ms. Bourque has an entitlement to unlimited future benefits given, inter alia, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

<u>Fifth Affirmative Defense</u>

The determinations by any defendant regarding Ms. Bourque's claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by Ms. Bourque and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan and applicable law.

<u>Sixth Affirmative Defense</u>

All determinations made by any defendant with respect to Plaintiff's claim for benefits were made in the interest of all plan participants and beneficiaries and in accordance with the terms and conditions of the Plan documents.

<u>Seventh Affirmative Defense</u>

The plaintiff has failed to exhaust her administrative remedies under the Plan and ERISA. As a result, Plaintiff's complaint should be dismissed, and her claim remanded to MetLife for an appeal determination.

<u>Eighth Affirmative Defense</u>

The prayers for relief are barred to the extent the relief sought is not permitted by ERISA.

WHEREFORE, MetLife respectfully requests that the Court dismiss the complaint with prejudice, and award MetLife its attorneys fees and costs.

> METROPOLITAN LIFE INSURANCE COMPANY,
> By its attorneys,
>
> /s/ Constance M. McGrane
> James F. Kavanaugh, Jr. (BBO # 262360)
> Constance M. McGrane (BBO # 546745)
> CONN KAVANAUGH ROSENTHAL PEISCH
>   & FORD, LLP
> Ten Post Office Square
> Boston, MA 02109
> 617-482-8200

Dated:  November 29, 2004

214424.1