UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH M. BOURQUE,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, AIRBORNE EXPRESS LONG TERM DISABILITY PLAN, AIRBORNE, EXPRESS, INC.<br><br>    Defendants. | Civil Action No.: 04-12037-WGY |

JOINT STATEMENT REGARDING PRETRIAL MATTERS

Pursuant to Local Rule 16.1, the Defendant Metropolitan Life Insurance Company ("MetLife") and the Plaintiff, Deborah M. Bourque ("Bourque") hereby file this Joint Statement Regarding Pretrial Matters. Defendants Airborne Express Long Term Disability Plan and Airborne Express, Inc., have yet to enter an appearance. Bourque's counsel has been in contact with counsel for Defendants Airborne Express Long Term Disability Plan and Airborne Express, Inc., and has reached an agreement in settlement of the claim for statutory penalties, and an agreement to dismiss the remaining claims, without prejudice. The parties expect to file a Stipulation of Dismissal of Airborne Express Long Term Disability Plan and Airborne Express, Inc. within thirty (30) days.

1.     Proposed Discovery Plan and Schedule for Motions

The parties propose the schedule set forth below for consideration by the Court. The parties do not wish to conduct phased discovery.

a. Motions to join additional parties and to amend the pleadings must be filed by January 14, 2005.

b. MetLife delivered to Plaintiff on December 13, 2004 a set of documents that it represents to be the administrative claim file (including diary notes), related correspondence, and certificate of insurance for the matter, with certain documents redacted ("Claim File"). MetLife also served a Privilege Log with the Claim File.

c. If the Plaintiff claims that any of the Claim File is incomplete or inaccurate in any way, she must notify the MetLife's counsel in writing of the same by January 21, 2005. If the Plaintiff does not provide such notice by January 21, 2005, then MetLife shall file with the Court the Claim File served on Plaintiff titled as "Agreed to Record for Judicial Review." If the Plaintiff does provide such notice, then the parties must then confer in an attempt to ascertain an Agreed To Record for Judicial Review by February 11, 2005. If the parties come to an agreement, they are to immediately file an "Agreed To Record For Judicial Review." If the parties cannot agree on the record for judicial review, then the parties shall file with the Court by February 25, 2005, a document entitled "Partial Record for Judicial Review" which contains only that portion of the record on which the parties agree. To the extent the parties disagree concerning the proper contents of the record for judicial review, the parties shall file memoranda concerning any additional material they seek to have added to the record for judicial review by March 21, 2005. Parties opposing any such motion shall file any opposition by April 4, 2005.

d. If any party proposes that the party entitled to any discovery, to constitute or supplement the record for judicial review, the party must file with the Court a submission showing cause for the party's entitlement to such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought and why reason exists to expect that the product of discovery would be properly received at trial and would be material to the disposition of this civil action. Any requests for discovery must be filed by March 21, 2005. Counsel to any party not proposing discovery shall have two (2) weeks after a party files a submission showing cause for a party's entitlement to such discovery, to file an opposition thereto.

e. If any party proposes that the party entitled to an evidentiary hearing necessary to supplement the record for judicial review, the party must file with the Court a submission showing cause for its entitlement to such evidentiary hearing. The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of the evidentiary hearing would be material to the disposition of this civil action. Any request for such evidentiary hearing must be filed by March 21, 2005. Counsel to any party not proposing discovery shall have two (2) weeks after a party files a submission showing cause for a party's entitlement to such discovery, to file an opposition thereto.

f. The parties are relieved of any mandatory disclosure requirements under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

g.  Summary Judgment Motions with accompanying memoranda must be filed by the later of: 1) May 18, 2005 or 2) two (2) months after the Court determines what constitutes the record for judicial review, as supplemented, whichever is later. Each party may file an opposition to the other party's motion for summary judgment fourteen (14) days after service of the motion for summary judgment.

2.  MetLife and Bourque do not consent to trial by magistrate judge.

3.  MetLife and Bourque will be filing separately their Certification(s) of Budget and ADR Conference.

4.  MetLife and Bourque propose a trial date of October 3, 2005.

Respectfully submitted,

DEBORAH M. BOURQUE
By her attorney,

/s/ Jonathan M. Feigenbaum
Jonathan M. Feigenbaum (BBO No. 546686)
Phillips & Angley
One Bowdoin Square
Boston, MA  02114
(617) 367-8787

METROPOLITAN LIFE INSURANCE
COMPANY OF AMERICA,
By its attorneys,

/s/ Constance M. McGrane
James F. Kavanaugh, Jr. (BBO No. 262360)
Constance M. McGrane (BBO No. 546745)
CONN KAVANUGH ROSENTHAL PEISCH &
FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

LITG\DBOR002\JOINTSTATEMENT BOURQUE 1ST REVISIION

216569.1