UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH M. BOURQUE,<br><br>        Plaintiff<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY ET AL<br><br>        Defendants | Civil Action No. 04-12037-WGY |

**MEMORANDUM OF PLAINTIFF IN SUPPORT OF
MOTION THAT THE DENIAL OF BENEFITS CLAIM
BY METROPOLITAN LIFE INSURANCE COMPANY
IS SUBJECT TO THE "DE NOVO" STANDARD OF REVIEW**

The plaintiff, Deborah M. Bourque ("Bourque"), submits this memorandum, in support of her motion to establish the standard of review before this Court as *de novo*. This Court is urged to review Metropolitan Life Insurance Company's ("MetLife") denial of Bourque's long-term disability benefits ("LTD benefits") under the *de novo* standard, rather than the *arbitrary and capricious* standard sometimes granted to insurers under ERISA.

Effective August 1999, the United States Social Security Administration ("SSA") considered Bourque completely occupationally disabled. As a result of the finding of the SSA, and MetLife's own determination, MetLife paid disability benefits to Bourque from February 2000 through October 8, 2003. At that time, MetLife terminated her benefits. Bourque internally appealed MetLife's decision, and after MetLife refused to reinstate benefit payments, Bourque commenced this action.

INTRODUCTION

A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is reviewed *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan ," in which case an abuse of discretion standard is applied. The First Circuit has "steadfastly applied *Firestone* to mandate de novo review of benefits determinations unless 'a benefits plan ... clearly grant[s] discretionary authority to the administrator,' " Terry v. Bayer Corp., 145 F.3d 28, 37 (1st Cir.1998) (quoting Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 583 (1st Cir.1993). If plan administrators are granted such authority, an "arbitrary and capricious" standard of review will apply. *See* Recupero v. New England Tel. & Tel. Co., 118 F.3d 820, 827 (1st Cir.1997). *See*, Dana M. Muir, *Fiduciary Status as an Employer's Shield: The Perversity of ERISA Fiduciary Law*, 2 U. Pa. J. Lab. & Emp. L. 391 (2000).

As the party advocating a deferential standard of review, or interchangeably referred to as the *arbitrary and capricious* standard of review, MetLife bears the burden of demonstrating that its adverse disability determination is entitled to such deference. Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 251-52 (2d Cir.1999). "Despite the holding of *Firestone Tire,* plan sponsors have been unaccountably loath to amend their plans to make the delegation of discretionary authority unambiguously explicit.  The result is a plenitude of litigation contesting the standard of review to be applied in individual cases, with claimants advancing inventive, if at times impervious, arguments for applying the more friendly *de novo* standard." Giannone v. MetLife, 311 F.Supp.2d

168, 174 (D. Mass. 2004)[1].

In this instance, MetLife has not produced any documents indicating that the Plan Administrator, Airborne Express, Inc., had been granted discretionary authority in accordance with ERISA. Therefore, a delegation of discretionary authority could not have been further delegated to MetLife vesting it with discretionary review. Rodriguez-Abreu v. Chase Manhattan Bank, 986 F.2d 580, 584 (1st Cir. 1993).

In addition, as set forth in Part II of this memorandum, MetLife breached its fiduciary duties by failing to make a claims decision in a timely manner, and in accordance with the US Department of Labor Regulations, and the insurance policy terms itself.

---

[1] The nonprofit Families USA advocates expansion of the NAIC's Model to Prohibit Discretionary Clauses to disability insurance contracts.... "The discretionary clauses create an uneven playing field for consumers who want to file legal challenges against an insurer's decision, according to Sonya Schwartz, an attorney and health policy analyst for Families USA. These clauses give legal deference to the insurer's decision unless the claimant can prove that the insurer's decision was unreasonable or irrational (the "arbitrary and capricious" standard), which is a "very difficult standard to meet," Ms. Schwartz noted. Claimants are much less successful in cases where the arbitrary and capricious standard was applied (only 28% were successful) than they were in cases involving "de novo" review (68% were successful). According to Ms. Schwartz, "Prohibiting discretionary clauses in disability insurance contracts insures that courts will apply the same standard of review as they do in other contract cases so that consumers will get a fair, impartial review of their claim."
http://www.benico.com/News/News%20Updates/6-21-04.htm

I.      **METLIFE CANNOT GRANT DISCRETIONARY AUTHORITY TO ITSELF.**

   A. <u>**MetLife Has Failed To Produce the Plan Instrument.**</u>

The governing document under which MetLife will contend that it is entitled to deferential review is nothing more than an insurance policy identified as *Your Group Long Disability Benefits Plan*. [BQ 00011[2]] [EXHIBIT A filed herewith]. MetLife is sure to point to language in the *Your Group Long Disability Benefits Plan*, and to argue that it must be afforded the status of an ERISA Administrator that has been granted discretionary authority to make benefit decisions:

> In carrying out their respective responsibilities under the plan, the plan administrator and other plan fiduciaries shall have discretionary authority to interpret the terms of the plan and to determine eligibility for and entitlement to plan benefits in accordance with the terms of the plan.... [BQ00037] [EXHIBIT A].

At first blush, the language above seems to comply with that set forth in <u>Brigham v. Sun Life</u>, 317 F.3d. 72, 81 (1st Cir. 2003) (Referencing Chief Judge Posner's "proposed model 'safe harbor' language for inclusion in ERISA plans that could leave no doubt about the administrator's discretion: 'Benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them.' "). <u>Herzberger v. Standard Ins. Co.</u>,205 F.3d 327, 331 (7th Cir.2000). There is a significant contrast between the safe harbor language in <u>Herzberger,</u> and the language quoted from the MetLife insurance policy. The <u>Herzberger</u> language runs to the Plan Administrator and not the insurer. This difference was addressed in <u>Wallace v. Reliance Standard</u>, 318 F.3d 723 (7th Cir. 2003).

---

[2]BQ refers to page numbers those documents filed by MetLife with the Court on March 11, 2005, identified as the "Partial Record for Judicial Review." The few pertinent pages necessary to evaluate this motion are reproduced under EXHIBIT A.

The Seventh Circuit noted that an insurance policy is not an ERISA plan instrument. Wallace v. Reliance Standard, 318 F.3d 723, 724 (7th Cir. 2003). *("Pegram* concluded that a contract of insurance sold *to* a plan is not itself "the plan," so that the HMO implementing its contract is not a fiduciary. Just so, one would suppose, with a disability-insurance carrier.") In reaching this conclusion, the Seventh Circuit stated:

> Asked at oral argument what provision of ERISA turns an insurer into a fiduciary, Wallace relied entirely on 29 U.S.C. § 1104. This section, however, specifies the duties of fiduciaries; it does not tell us who *is* a fiduciary. The "who" of the matter depends on 29 U.S.C. § 1002(21)(A), which as the Court remarked in *Pegram* tells us that managers, administrators, and financial advisers of pension and welfare plans are fiduciaries. Id. at 724.

The determination by the Seventh Circuit is directly on point. MetLife has produced an insurance policy, *Your Group Long Disability Benefits Plan*, and not a Plan instrument. Without the existence of a plan instrument, discretionary authority cannot be conferred on the Plan Administrator or anyone else. Thus, MetLife's purported self delegation of discretionary authority fails to follow the explicit requirements of ERISA. By default, the decision of MetLife to deny benefits must be reviewed *de novo*. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 103 L.Ed.2d 80, 109 S. Ct. 948 (1989).

### B. No Grant of Discretionary Authority Was Delegated to MetLife.

Here, the Plan Sponsor is the Plan Administrator, Airborne Express, Inc. Without an appropriately adopted governing plan document, the plan Administrator, Airborne Express, Inc., could not delegate discretionary decision making authority to another party. In addition, MetLife could not grant discretionary authority to itself. It appears that in this case, that MetLife has granted discretionary authority to itself, since there does not appear to be a document in the claim file

indicating that Plan Administrator, Airborne Express, Inc., desired that MetLife enjoy this privilege. Discretionary decision making authority does not arise as a matter of right. Discretionary review authority must be properly set forth in an ERISA plan instrument, in order for a Plan Administrator to exercise it, and to further delegate that fiduciary authority. This requirement is very specific as set forth in 29 U.S.C. § 1105( c), and has been carefully followed in the First Circuit for more than a decade. Rodriguez-Abreu v. Chase Manhattan Bank, 986 F.2d 580, 584 (1st Cir. 1993).

In this instance, MetLife has failed to show a paper trail showing that the Plan Administrator, Airborne Express, Inc., has been properly vested with discretionary review authority, followed by a paper trail showing that MetLife has been delegated such discretion by Airborne Express, Inc. Under 29 U.S.C. section 1105 ( c) a fiduciary may delegate discretion, but any such delegation must conform with the requirements of the law. Specifically, section 1105 ( c) entitled "Allocation of fiduciary responsibility; designated persons to carry out fiduciary responsibilities," states:

> (1) The instrument under which a plan is maintained may expressly provide for procedures (A) for allocating fiduciary responsibilities (other than trustee responsibilities) among named fiduciaries, **and** (B) for named fiduciaries to designate persons other than named fiduciaries to carry out fiduciary responsibilities (other than trustee responsibilities) under the plan. (Emphasis added.)

This statute is conjunctive and has been interpreted to allow a "named fiduciary" to delegate its fiduciary responsibilities under ERISA to a third party, however it may do so only if: (1) The written plan instrument expressly allows for the delegation, including explanation of the specific procedures that must be complied with in completing the delegation; AND (2) there is an express delegation between the delegator and delgatee. Rodriguez-Abreu at 584 (1st Cir. 1993). "To be an effective delegation of discretionary authority so that the deferential standard of review will apply,

therefore, the fiduciary must properly designate a delegate for the fiduciary's discretionary authority." Rodriguez-Abreu at 584. (District court properly employed *de novo* standard of review, rather than more deferential arbitrary and capricious standard, in action to recover benefits after participant's ERISA claim was denied by plan administrator; although plan administration booklet granted plan fiduciaries discretionary authority, it did not include express procedures for delegating that authority to plan administrator, and administrator did not claim to be acting as delegate of fiduciaries)[3].

The United States District Court for the District of Maine addressed the issue raised in this memorandum involving Liberty Mutual Life Insurance Company and its subsidiary Liberty Life Assurance Company in connection with a long term disability benefits action in Davidson v. Liberty Life, 998 F.Supp.2d 1, 9 (D. Me. 1998). There, the Court held that the benefits review had to be *de novo*, because the defendant insurers had not complied with Rodriguez-Abreu v. Chase Manhattan Bank, 986 F.2d 580, 584 (1st Cir. 1993). In that case, Davidson was an employee of Liberty Mutual, and was provided Long Term Disability Benefits ("LTD") under a company sponsored plan that was insured by a subsidiary of Liberty Mutual, namely Liberty Life Assurance Company.

The Court held that Liberty Life Assurance Company failed to demonstrate that the Plan Administrator, Liberty Mutual Insurance Company, had properly delegated discretionary authority from Liberty Mutual Insurance Company to Liberty Life Assurance Company. "Because the Court

---

[3]*Accord*, Guarino v. MetLife, 915 F.Supp. 435, 443 (D. Mass. 1995) ("The First Circuit has interpreted the *Firestone* rule "to mean that a benefits plan must *clearly grant* discretionary authority to the administrator before decisions will be accorded the deferential, arbitrary and capricious, standard of review." Rodriguez-Abreu, 986 F.2d at 583 (1st Cir.1993) (emphasis added) (holding de novo standard of review appropriate where delegated discretionary authority was unclear).

cannot assume that the LTD plan permitted delegation of the duties of the plan administrator in satisfaction of 29 U.S.C. § 1105( c), the Court will apply the *de novo* standard of review to the out-of-court decisions made by Liberty Life." Davidson v. Liberty Life, 998 F.Supp.2d 1, 9 (D. Me. 1998)

Liberty Life unsuccessfully argued that because, its parent, Liberty Mutual Insurance Company, the employer of Davidson had been granted discretionary authority to make benefits decision, by implication, or otherwise, that authority had been delegated to Liberty Life Assurance Company. The Court soundly rejected that argument, since neither defendant produced any evidence that the delegation had been assigned in accordance with 29 U.S.C. section 1105 ( c). The Court correctly reviewed the benefit decision *de novo*.

The facts in the present matter are similar. Here, no documents have been produced demonstrating that Airborne Express, Inc., properly followed the delegation of fiduciary status required by statute, 29 U.S.C. § 1105( c), and applicable case law. Rodriguez-Abreu v. Chase Manhattan Bank, 986 F.2d 580, 584 (1st Cir. 1993). As such, MetLife is not entitled to have its decision reviewed on a deferential basis, or *arbitrary and capricious* standar based on language in the insurance policy, *Your Group Long Disability Benefits Plan*. Thus, the review must be *de novo.*

**II.    TO THE EXTENT THAT METLIFE HAS BEEN GRANTED DISCRETIONARY AUTHORITY TO MAKE BENEFIT DECISIONS, METLIFE SHOULD BE**

**STRIPPED OF SUCH AUTHORITY FOR FAILING TO TIMELY MAKE A BENEFITS DECISION.**

Alternatively, Bourque's claim must be reviewed *de novo,* because MetLife never rendered a decision on Bourque's request for review of the termination of her long-term disability under the applicable Department of Labor Regulations standards, or the time frame set forth in the MetLife group insurance policy. <u>Jebian v. Hewlett Packard Co. Employee Benefits Organization Income Protection Plan</u>, 349 F.3d 1098 (9th Cir. 2003).

MetLife's group insurance policy states under the section titled, *Requesting a Review of Claims Denied in Whole or In Part*:

> Metropolitan will re-evaluate all information and you or your eligible survivor will be informed in a timely manner. [BQ 00036]. [EXHIBIT A].

On June 18, 2004, Bourque sent an appeal, by Federal Express, to MetLife. [BQ 000932]. [EXHIBIT A]. On July 29, 2004, MetLife allegedly wrote to Bourque's counsel, and stated in pertinent part:

> We are continuing our review of your client, Deborah Bourque's appeal of the claim denial. We find that we need additional 45 days to render a decision on the appeal. [BQ 00872]. [EXHIBIT A].

Bourque filed this suit on September 21, 2004. That was fifty four (54) days following MetLife's letter of July 29, 2004 promising a decision within forty five (45) days, and ninety five (95) days after the June 18, 2004 initial appeal.

Under current US Department of Labor regulations, an insurer is required to make a claim decision regarding an adverse benefit determination within forty five (45) days of receipt of an appeal. 29 C.F.R. § 2560.503-1(i)(3)(i). Under the same regulations, before the amendments that became

effective January 1, 2002, appeals decisions were required to be made within sixty (60) days of receipt.

In Jebian v. Hewlett-Packard Co. Employee Benefits Organization Income Protection Plan, 349 F.3d 1098 (9th Cir.2003), *petition for cert. filed,* 72 U.S.L.W. 3553 (2004), the Ninth Circuit considered the relationship between the sixty-day time limit set forth in the pre-January 1, 2002 regulations and the standard of review that applies in an action seeking judicial review of an adverse benefit determination. The Ninth Circuit held that "where, according to plan and regulatory language, a claim is 'deemed denied' on review after the expiration of a given time period, there is no opportunity for the exercise of discretion and the denial is usually to be reviewed de novo." Id. at 1103. In so holding, the Ninth Circuit reasoned that deference to plan administrators' decisions could not extend beyond "the exercise of the discretion vested in them by the instrument under which they act." Id. at 1104 (quoting *Firestone,* 489 U.S. at 111, 109 S.Ct. 948) (original emphasis omitted). Accordingly, the Ninth Circuit concluded that "[d]ecisions made outside the boundaries of conferred discretion are not exercises of discretion, the substance of the decisions notwithstanding," and are therefore subject to *de novo* review under ERISA. Id.

The Ninth Circuit also relied on the language of the Department of Labor's pre-January 1, 2002 regulations stating that a claim that has not been reviewed within sixty days of the date of the beneficiary's request for review "shall be deemed to have been denied on review." *See id.* at 1103-04 (citing 29 C.F.R. § 2560.503-1(h)(4), *amended by* 65 Fed.Reg. 70,265 (Nov. 21, 2000)). Although the Department's post January 1, 2002 regulations do not include this "deemed denied" language, see 29 C.F.R. § 2560.503-1(h), the Jebian reasoning applies in this case because Bourque's June 18, 2004 request for review relates back to her August 1999 finding of disability[4]. In any event, the difference

---

[4]"We refer to the Code of Federal Regulations as of 1998, the year Jebian's claim was filed. The pertinent regulation, 29 C.F.R. § 2560, first promulgated in 1977, was amended in 2000. *See* Pension and Welfare Benefits Administration, 65 Fed.Reg. 70,246 (Nov. 21, 2000).

between the forty-five-day and sixty-day time limits is immaterial in this action, as Bourque waited ninety five (95) days prior to commencing suit. In addition, MetLife promised to make a decision in forty-five (45) days, but did not.

That the DOL Regs replaced the phrase "deemed denied" with "deemed to have exhausted the administrative remedies available under the plan," has no effect on the Jebian rationale. If a claim was "deemed denied" under the former DOL Regs, then the claimant was entitled to file suit. Likewise, the revised DOL Regs specifically state that once a claimant is "deemed to have exhausted the administrative remedies available under the plan," then she "shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 C.F.R. § 2560.503-1(l). The result under the "new" or "old" DOL Regs, is the same. Fleming v. Kemper Natl. Services,Inc., F.Supp.2d (N.D. Cal. 2004)(Finding that LTD insurer had failed to make a decision in 45 days under post January 1, 2002 regulations., and for same rationale in Jebian, claim would be reviewed *de novo*).

It is this right to sue without waiting indefinitely for a decision from the insurer that Jebian addresses: if there is no decision, and the claimant sues, then there can be no deference to the nonexistent decision. Jebian 349 F.3d at 1106.  The reasoning is sound.  "...[T]he costs of delay are generally much higher for claimants, who may need disability benefits to buy their daily bread, than for plans and

---

The alterations apply to claims filed on or after January 1, 2002. 29 C.F.R. § 2560.503-1(*o*) (2002).  The new regulation shortens from sixty days to forty-five the time allowed for initial responses to appeals from denials of disability benefits. 29 C.F.R. § 2560.503-1(i)(3)(i) (2002). Excised from the new regulation is the provision that transgressions of time limitations will result in the claim being 'deemed denied'." *See* 29 C.F.R. § 2560.503-1(h) (2002). Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan,   349 F.3d 1098, 1103 n. 5 (9th Cir.2003)

administrators." Gilbertson v. Allied Signal, 328 F.3d 625, 626 (10th Cir. 2003) (holding claims administrator did not substantially comply with ERISA's procedural requirements, such that deferential review would be warranted even though claim was deemed denied.).

Here, MetLife failed to render a decision on Bourque's request for review of the termination of her LTD benefits within the time limits mandated under (1) both the new and old DOL Regulations; (2) the insurance policy itself; and (3) MetLife's explicit promise to render a decision in 45 days. Because Bourque waited ninety five (95) days to file suit, that was adequate time under either set of regulations, and the group insurance policy to make a decision. Under Jebian and Gilbertson, because MetLife never exercised its discretion by making a timely decision, her claim for benefits should be reviewed *de novo.*

                                  DEBORAH BOURQUE
                                  By Her Attorneys,

                                  */s/Jonathan M. Feigenbaum*

Date:  March 19, 2005

                                  Jonathan M. Feigenbaum, Esq.
                                  B.B.O. N#546686
                                  Philips & Angley
                                  One Bowdoin Square
                                  Boston, MA 02114
                                  Tel. No. : (617) 367-8787

L:\Dbor002\memo.standarreview1.wpd