UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBORAH M. BOURQUE,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE
COMPANY, AIRBORNE EXPRESS LONG
TERM DISABILITY PLAN, AIRBORNE,
EXPRESS, INC.

    Defendants.

Civil Action No.: 04-12037-WGY

**MEMORANDUM IN SUPPORT OF THE PLAINTIFF'S MOTION TO
COMPLETE RECORD ON REVIEW**

**INTRODUCTION**

The Plaintiff Deborah M. Bourque ("Ms. Bourque") files this memorandum in support of her motion to complete the record on review. Ms. Bourque seeks to complete the record by adding: (1) a disclosure that Metropolitan Life Insurance Company's ("MetLife") made in Southern District of New York in an ERISA long term disability litigation case that Dr. Gary Philip Greenhood, MD, reviewed 1,536 claim files for MetLife in year 2003; and (2) disclosure of MetLife's internal claim guidelines in another ERISA long term disability litigation from the Southern District of New York. Neither of those documents were available to the public at the time that Ms. Bourque filed her internal claim review with MetLife.

**PROCEDURAL BACKGROUND**

Effective August 1999, the United States Social Security Administration ("SSA") determined Ms. Bourque completely occupationally disabled. As a result of the finding of the SSA, and defendant MetLife's own evaluation, MetLife paid disability benefits to Ms. Bourque from February 2000 through October 8, 2003. At that time, MetLife terminated her benefits. Ms. Bourque internally appealed MetLife's decision, and after MetLife refused to reinstate benefit payments, Ms. Bourque commenced this action. In terminating her benefits, MetLife relied heavily on a paper review of Dr. Gary Philip Greenhood, MD.

**ARGUMENT**

**I.   IN MAKING DECISIONS REGARDING THE SCOPE OF THE ADMINISTRATIVE RECORD, THE COURT MAKES ITS OWN INDEPENDENT JUDGMENT.**

The First Circuit Court of Appeals has made clear the difference between the Court's role in reviewing the merits of a claim denial under ERISA and its role in determining the proper record for review. Specifically, in Recupero v. New England Telephone and Telegraph Company, et. al., 118 F.3d 820 (1st Cir. 1997), the court held that disputes regarding the record do not merit the same level of deference that merits disputes may warrant. As the court stated:

> A factual dispute about the record of an out-of-court decision of a claim under an employee benefits plan may involve a contention . . . that the record for the out-of-court decision should have included, and did not, additional materials (which one party or the other asks the trial court to rule must be taken into account). . . .
>
>  . . . [W]e simply emphasize for clarity that making factual findings about what is or is not properly a part of the "record" for judicial review is fundamentally different from asserting plenary authority to decide the merits of a benefits claim.

Recupero, 118 F.3d at 830. In light of Recupero, this Court should make an independent judgment regarding the Plaintiff's current motion regarding the complete record for review by

2

the Court. Following Recupero, the First Circuit held that it was proper to include in the record on review, an insurance company's internal claim guidelines. Glista v. Unum Life Insurance Company of America, 378 F.3d 113 (1st Cir. 2004)(District Court reversed in part for not including guidelines as part of the record on review.). For these reasons, MetLife's claim guidelines should be considered part of the record on review in this case.

**II.    THE RECORD ON REVIEW MUST INCLUDE CLAIMS GUIDELINES BECAUSE THOSE GUIDELINES INSTRUCT METLIFE'S EMPLOYEES IN MAKING CLAIMS DECISIONS, PARTICULARLY WHEN EMPLOYEES ARE NOT TRAINED DOCTORS AND ARE MAKING MEDICAL DECISIONS.**

In Doe v. Travelers Insurance Company, 167 F.3d 53, 57, the First Circuit, in discussing the scope of the administrative record for review by the Court, stated:.

> This brings us to the question of what "record" should be used in judging the reasonableness of Traveler's decision. It is not clear that any single answer covers all of the variations in ERISA cases; the "record" may depend on what has been decided, by whom, based on what kind of information, and also on the standard of review and the relief sought . . .
>
> Finding out just what information Travelers had and why it acted as it did depends upon the medical notes provided to it, the exchange of correspondence, and the recollections of oral conversations; this in turn can require discovery and even fact finding by the district court.

Doe, 167 F.3d at 57-58.

Building on Doe, the First Circuit stated, in reference to claim guidelines that had been

excluded at by the District Court:

> Such documents are most likely to be relevant where they have been authenticated, have been generated or adopted by the plan administrator, concern the policy in question, are timely to the issue in the case, are consistently used, and were known or should have been known by those who made the decision to deny the claim. Glista v. Unum Life Insurance Company of America, 378 F.3d 113, 123 (1st Cir. 2004).

The claims guidelines that Ms. Bourque seeks to add follow the mandates of Glista. She was able to obtain a set of the guidelines in litigation pending in the Southern District of New York.

In Palmiotti v. Metropolitan Life Insurance Company, 2005 WL 552017 (March 9, 2005, S.D.N.Y.), MetLife was ordered to turn over its claims manuals and guidelines, without a protective order, in an ERISA long term benefits disability case. Those are the guidelines that Ms. Bourque has filed herewith that she seeks to complete the claim record on review. [EXHIBIT A, Parts I and II, Feigenbaum Declaration].The Palmiotti court stated in pertinent part:

> In order to satisfy the statutory requirements to provide a fair claims procedure, an employee benefit program must provide to a claimant upon request "all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). The regulations go on to define as relevant any document that "[d]emonstrates compliance with the administrative process and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8)(iii). And paragraph (b)(5) requires that "[t]he claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants." 29 C.F.R. § 2560.503-1(b)(5). In short, the adequacy of claims processing procedures is relevant to whether the denial of a claim is arbitrary and capricious, and, because the

>procedures are relevant, claimants are entitled to have access to
>them. Under these circumstances, the Claims Manual is required to
>be made widely available outside MetLife; the company's efforts to
>maintain secrecy are necessarily futile; and the claim of
>competitive harm is negated because each of MetLife's competitors
>is subject to the same regulations.

The reason that these documents belong in Ms. Bourque's record on review is to assure fairness. Typically in evaluating long term disability claims, insurance company employees are making medical evaluations and occupational impairment decisions, when they do not have the same education, training or experience, that would be required of an expert witness under *Daubert* and its progeny.  Those employees would not be permitted to testify in Court regarding their medical or impairment opinions of insurance claimants.  Because insurers are often granted the deference of trustees when making decisions under ERISA, the Department of Labor requires transparency during claims evaluation process. To safeguard against arbitrary decisions, claims manuals, training manuals and guidelines are exceedingly relevant to assure fairness in the claims process. For these reason, MetLife's claims manuals belong in the record on review before this Court.  The plaintiff will be able to point to provisions of those claims guidelines as further proof as to the arbitrariness of MetLife's benefit termination decision in terminating Ms. Bourque's benefits.

**III.     THE ADDITIONAL TWO PAGES OF INFORMATION REGARDING DR. GARY PHILIP GREENHOOD, MD BELONG IN THE RECORD ON REVIEW TO DEMONSTRATE BIAS AND CONFLICT.**

In <u>Winkler v. Metropolitan Life Insurance Company</u>, the United States District Court for the Southern District of New York, C.A., 03-9656, ordered MetLife to disclose information about its non-employee physicians that it used to deny Mr. Winkler's claim. The response from MetLife provided information that Dr. Gary Philip Greenhood, MD, had reviewed 1536 cases for MetLife in 2003. This is the same Dr. Gary Philip Greenhood, MD, that concluded that Ms. Bourque was not disabled based on his minimal record review. [EXHIBIT B, Feigenbaum Declaration].

It appears that Dr. Greenhood, MD, has an on-going significant relationship with MetLife, and is most probably not an unbiased file reviewer[1]. Bias is relevant, as Bourque seeks review with "more bite" and to demonstrate that both MetLife and Dr. Greenhood are infected with conflict. <u>Doyle v. Paul Revere Life Ins. Co.</u>, 144 F.3d 181, 184 (1st Cir.1998).

---

[1] MetLife has represented to Judge Gorton that Dr. Greenhood, MD, is an independent physician. <u>Gannon v. Metropolitan Life Ins. Co.</u>, 360 F.3d 211, 214 (1st Cir. 2004)( Second, MetLife focuses on the report of Dr. Gary Greenhood, an *independent medical consultant* who reviewed Gannon's file...). Had the District Court, or the First Circuit known that Dr. Greenhood did 1536 reviews for MetLife in 2003, it is probably that the Courts would have be less likely to believe that he is an *independent medical consultant.*

**CONCLUSION**

For the foregoing reasons, this Court is urged to grant Ms. Bourque's motion adding the MetLife claim guidelines and the fact that Dr. Gary Philip Greenhood, MD's reviewed 1, 536 files for MetLife in 2003.

        DEBORAH BOURQUE
        */s/ Jonathan M. Feigenbaum*

        Jonathan M. Feigenbaum, Esq.
        B.B.O. #546686
        Philips & Angley
        One Bowdoin Square
        Boston, MA 02114
        Tel. No. : (617) 367-8787

DATED: May 4, 2005
L:\Dbor002\MemoranduminSupportofMotiontoCompleteRecordonReview.wpd